UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Standard Media Group LLC** | Civil Case No.: 3:20-cv-696 |
| Plaintiff, | |
| v. | **Standard Media's complaint for breach of contract against AXIS Insurance Co.** |
| **AXIS Insurance Company** | |
| Defendant. | |

Standard Media complains against AXIS as follows.

## INTRODUCTION

1.    AXIS contracted to provide Standard with insurance for loss resulting from certain online or electronic fraud. That includes losses resulting from the transfer in good faith of an insured's money by an employee to a person, place, or account outside the insured's control. Such coverage applies where the transfer relied on a verbal, written, or electronic instruction that was in fact fraudulent. The policy provides $250k in limits subject to a $10k self-insured retention for such loss.

2.    Standard's Controller made four wire transfers to outside accounts beyond Standard's control: the first to a domestic bank account and the remaining three to an overseas bank account located in Hong Kong. He made the transfers

1

over a six-day period based on emails he received purporting to be from Standard Media's Chief Executive Officer to him.

3. The total transfers exceed $1 million—well beyond policy limits. After the first three payments and before the fourth, the Controller attempted to authenticate those transfer instructions through an email to some of Standard's management team, including the Chief Executive Officer.

4. When Standard's Chief Legal Officer learned of the transfers from the Controller two days after the fourth transfer was made, he concluded fraud may have occurred. Standard immediately notified law enforcement and AXIS of the loss.

5. AXIS has since declined coverage for Standard's loss in writing, apparently asserting as the only basis for denial that there was no attempt to authenticate the transfer instructions.

**THE PARTIES**

6. Standard Media Group LLC's only member is McDermott Communications LLC. That entity's sole member is Deborah A. McDermott, a natural person and Tennessee citizen.

7. McDermott Communications LLC ("McDermott LLC") is the named insured under the insurance contract. Standard is also an insured entity under the policy as a subsidiary of McDermott LLC.

8. On information and belief, AXIS is a corporation organized under Illinois law with its nerve center in Illinois.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because McDermott LLC and Standard, on the one hand, and AXIS, on the other hand, are citizens of different states, and the disputed amount exceeds $75,000, excluding interest and costs.

10. Venue is proper in this district and division under 28 U.S.C. § 1391(b) because AXIS resides in this district and division.

## COUNT I – BREACH OF CONTRCT

11. AXIS contracted to provide Standard with as much as $250k in coverage for loss caused by certain internet and email fraud. That promise by AXIS includes coverage for the loss here.

12. AXIS breached that contract by denying coverage for the loss.

13. Standard has performed under the insurance contract, or, in the alternative, such performance is excused by AXIS' owns breaches.

14. The AXIS breach has caused Standard more than $250k in contract damages.

15. Hence, AXIS is liable to Standard for that amount for breach of contract.

## PRAYER

WHEREFORE, Standard respectfully asks this Court for:

A.     A judgment in Standard's favor against AXIS for $250,000 in damages for breach of contract;

B.     Costs;

C.     Attorneys' fees;

D.     Pre- and post-judgment interest; and

E.     All other relief the Court deems proper.

Respectfully submitted,

**STANDARD MEDIA GROUP LLC**

/s/ John Janney Rasmussen
Virginia State Bar No. 45787
Insurance Recovery Law Group, PLC
PO Box 38518
Richmond, VA 23231
804.308.1359
jjr@insurance-recovery.com